IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY D. TURNER                                                                                        PLAINTIFF

v.                                          Civil No. 4:15-cv-04022

JOHN DOE                                                                                                DEFENDANT

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Service.  ECF No. 1.  The Court previously granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  ECF No. 4.  Plaintiff's Motion for Service is now ripe for consideration.

**1.     Background:**

Plaintiff originally filed his *pro se* forty-page Complaint on February 19, 2015.  ECF No. 1.  In his Complaint, Plaintiff alleges he is the "Commander Lt. General/Colonel" of the "FFA Affairs."  ECF No. 1 at 1.  Plaintiff is suing "John Doe" who he claims is the following:  "person (male subject) of unknown name my [who] submited [submitted] records in Miller Co. Clerk Office Identity Person who made the recent gun threat offense."  *Id.*

Plaintiff has previously been the subject of a criminal investigation in the Western District of Arkansas.  *See United States v. Turner,* 4:12-cr-40004 (2012).  In his criminal case, Mr. Turner was indicted on January 25, 2012 for making "repeated interstate telephone calls during which communication ensued, solely to harass a person at the called number and the person who received the communication, to wit, approximately 14,108 telephone calls comprising of approximately 659 hours of phone usage from his residence in Texarkana, Arkansas, to the Federal Bureau of Investigation Resident Office in Texarkana, Arkansas, routed through Texarkana, Texas, in violation of 47 U.S.C.

§ 223(a)(1)(E)." *United States v. Turner,* 4:12-cr-40004 (2012), ECF No. 1.

Because there was a question of Plaintiff's competency, he was evaluated three times in order to determine whether he was competent to stand trial. He was repeatedly found not competent to stand trial. Eventually, in June of 2013, the United States moved to dismiss the Indictment against Plaintiff, and this motion was granted. *United States v. Turner,* 4:12-cr-40004, ECF No. 27. The criminal case against Plaintiff was then dismissed.

Plaintiff's claims are entirely nonsensical. In his Complaint, he argues that he has the "World Wide Known Internet Disorder." ECF No. 1 at 6. He states he is also "facing a gun threat currently" and is disabled. *Id.* He also references having an "rearrangem. plan." *Id.* He claims he needs "to reach Constitu. Headqs. it according to steps of my Civil Service Code which supervision of that World W. Headquarters Personnel provided me to reach them if necessary while Miller Co. Depts. were lifting the PH."

 **2.   Applicable Law:**

Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

**3.   Discussion:**

In the present action, based upon Plaintiff's Complaint, the Court finds no basis for federal court jurisdiction. Further, his claims are entirely unclear and appear to be frivolous. Thus, based upon the information before the Court and after a careful review of Plaintiff's Complaint, it is recommended Plaintiff's case be dismissed without prejudice. *See* FED. R. CIV. P. 41(b).

**4.** **Conclusion:**

Based upon these findings, the Court recommends Plaintiff's case be **DISMISSED** without prejudice, and Plaintiff's Motion for Service (ECF No. 1) be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **16th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE